■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SHERRY, Also Known as BUTCH, Appellant. [837 NYS2d 805]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered January 11, 2006. The judgment convicted defendant, after a nonjury trial, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a bench trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to the contention of defendant, the evidence is legally sufficient to establish his intent to kill the victim (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The statement of defendant that he was "high" when he struck the victim in the head with a blunt instrument, based on his use of crack cocaine, presented a credibility issue for the trier of fact to determine (*see People v Tricic*, 34 AD3d 1319, 1320 [2006], *lv denied* 8 NY3d 850 [2007]; *People v Ramirez*, 278 AD2d 897 [2000], *lv denied* 96 NY2d 833 [2001]). We further reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The evidence presented by the People established that the victim's blood was splattered in the room and that the wounds sustained by the victim demonstrated that she was struck six to seven times in the head with a blunt object with great force, and that defendant failed to call for medical assistance after striking the victim. It thus cannot be said that County Court failed to give the evidence the weight it should be accorded in discrediting the statement of defendant that he was high on crack cocaine and thus lacked the requisite intent (*see generally id.*).

Defendant further contends that his statement to the police should have been suppressed because he was arrested without probable cause, and that his statement at the police station was the fruit of the illegal arrest. We reject defendant's contentions. We note at the outset that, although defendant is correct that the court failed to make the required findings of fact (*see* CPL 710.60 [6]), he nevertheless "had a full and fair hearing on his suppression motion and the record permits review of the court's determination" (*People v Smith*, 179 AD2d 1022, 1022 [1992], *lv denied* 79 NY2d 1007 [1992]). We conclude that defendant was not under arrest when he made the statement to the police and was not in custody at that time, and thus the court properly refused to suppress his statement (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Defendant voluntarily accompanied the police to the police station in a patrol car and was not restrained in any way. Also, when he was transported to the police station, he had not been accused of a crime, and a detective who was summoned to the police station to interview defendant testified that he initially believed that defendant was a witness. We conclude that "a reasonable [person], innocent of any crime," would not have believed that he or she was in custody under those circumstances (*id.*).

Finally, the sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.