THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA A. DEBO, Appellant. [844 NYS2d 800]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered January 9, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in refusing to suppress the statements that she made to the police during questioning at the police station. We reject that contention. At the crime scene, defendant informed the responding police officers that an unknown assailant entered her home, knocked her unconscious and shot her boyfriend. Defendant thereafter was taken to the police station, where she made the oral and written statements in question. Under the circumstances, we conclude that a reasonable person, innocent of any crime, would not have believed that he or she was in police custody but, rather, would have believed that he or she was being interviewed as a witness to a crime (*see People v Sherry*, 41 AD3d 1235, 1236 [2007]; *see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). In any event, even assuming, arguendo, that defendant was in police custody when she made the statements, we note that she was given *Miranda* warnings at the crime scene. "[I]t is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (*People v Glinsman*, 107 AD2d 710, 710 [1985], *lv denied* 64 NY2d 889 [1985], *cert denied* 472 US 1021 [1985]), and here the custody was continuous.

The court properly denied defendant's motion for a mistrial on the ground that the People failed to preserve material evidence, i.e., a couch that, according to defendant, would provide exculpatory evidence. The basis for defendant's motion was purely speculative (*see People v Schulze*, 224 AD2d 729, 730 [1996], *lv denied* 88 NY2d 853 [1996]; *People v Porter*, 179 AD2d 1018, 1018-1019 [1992], *lv denied* 79 NY2d 1006 [1992]) and, in any event, defendant never sought the production of the couch "or expressed an interest in performing independent tests until its destruction was disclosed in the middle of trial. On this record, the only conclusion to be drawn is that defendant forfeited whatever right [she] had to demand production of the [couch]

and, consequently, [she] cannot now complain about the People's failure to preserve it" (*People v Allgood*, 70 NY2d 812, 813 [1987]). Defendant was not deprived of effective assistance of counsel based on defense counsel's failure to request production of the missing couch because, as noted, its value was purely speculative, and defense counsel used numerous photographs of the couch to advance defendant's theory of the case (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.