# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

514

KA 13-01953

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                    MEMORANDUM AND ORDER

DOMINIC A. DANIELS, DEFENDANT-RESPONDENT.

---

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR APPELLANT.

JEREMY D. SCHWARTZ, BUFFALO, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), dated August 14, 2013.  The order, among other things, granted the motion of defendant to suppress his statement and certain physical evidence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.

Memorandum:  The People appeal from an order granting defendant's motion to suppress the statement made by defendant to the police and the cocaine seized by them following an automobile stop.  Many of the relevant facts are not in dispute.  The arresting officer and his partner heard a broadcast over police radio stating that a vehicle with a particular description was involved in an armed robbery of a gas station in Buffalo.  Approximately six minutes later, the officers observed a vehicle matching the description of the vehicle in the broadcast at an intersection less than a mile from the gas station in question.  Observing that the windows of the vehicle were excessively tinted, in violation of the Vehicle and Traffic Law, the officers stopped the vehicle and ordered defendant to exit.  Defendant was alone in the vehicle.  After defendant stepped out of the vehicle, the arresting officer conducted a pat frisk but found no weapons.  When defendant did not respond to the officer's inquiry whether he had "anything on" him, the officer used his forearm to pin defendant against the vehicle.  When the officer again asked defendant whether he had anything on him, defendant either said "nothing" or did not answer, and the officer asked for a third time whether defendant had anything on him.  Defendant finally stated that he had drugs in the pocket of his pants.  The officer's partner recovered the drugs, which were later determined to be cocaine, and placed defendant under arrest.  The police subsequently learned that neither defendant nor his vehicle was involved in the gas station robbery.

After being indicted on one count of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant moved to suppress the statement and the cocaine, contending, inter alia, that his statement to the police that he had drugs was involuntary and that the cocaine thus constituted the fruit of the poisonous tree.  Following a suppression hearing, Supreme Court granted defendant's motion, and we now affirm.  As a preliminary matter, we agree with the People that the stop of defendant's vehicle was lawful based on the arresting officer's observation of its excessively tinted windows, notwithstanding the officer's admission that he intended to stop the vehicle in any event because it matched the description of a vehicle allegedly involved in the robbery (*see generally People v Pealer*, 89 AD3d 1504, 1506, *affd* 20 NY3d 447, *cert denied* ___ US ___, 134 S Ct 105; *People v Robinson*, 97 NY2d 341, 346).  The officer also acted lawfully in ordering defendant to exit the vehicle based on the traffic violation, even in the absence of evidence that he possessed a weapon or had committed a crime (*see People v Robinson*, 74 NY3d 773, 775, *cert denied* 493 US 966; *People v Binion*, 100 AD3d 1514, 1515, *lv denied* 21 NY3d 911).

Nevertheless, even assuming, arguendo, that the officers had "reasonable suspicion that criminal activity [was] afoot" so as to justify the pat frisk of defendant (*People v Goodson*, 85 AD3d 1569, 1570, *lv denied* 17 NY3d 953 [internal quotation marks omitted]; *see People v Daniels*, 103 AD3d 1204, 1205, *lv denied* 22 NY3d 1137), we conclude that defendant's statement in which he admitted to possessing drugs was involuntary because it was "obtained from him . . . by the use or threatened use of physical force" by the arresting officer (CPL 60.45 [2] [a]).  "It is the People's burden to prove beyond a reasonable doubt that statements of a defendant they intend to rely upon at trial are voluntary . . . To do that, they must show that the statements were not products of coercion, either physical or psychological . . . , or, in other words, that they were given as a result of a 'free and unconstrained choice by [their] maker' . . . The choice to speak where speech may incriminate is constitutionally that of the individual, not the government, and the government may not effectively eliminate it by any coercive device" (*People v Thomas*, 22 NY3d 629, 641-642).

Here, the People failed to prove beyond a reasonable doubt that defendant's admission that he possessed drugs was the "result of a 'free and unconstrained choice' " by defendant (*id.* at 641).  Before repeatedly asking defendant whether he had "anything" on him, the arresting officer conducted a pat frisk and found no weapons.  There was thus no need for the officer to be concerned about his safety.  Moreover, although defendant did not respond when he was initially asked whether he had anything on him, that did not justify the use of physical force by the officer.  It is clear that, as the court determined, defendant's eventual incriminating response was prompted by the officer's continuing use of force while repeating the same question that defendant refused to answer or answered in a manner that did not satisfy the officer.  Although the People assert that the officer was unable to complete his pat frisk because defendant was attempting to flee, the court stated in its findings that defendant

"did not flee or resist," and the court's determination in that regard is supported by the record and will not be disturbed (*see generally People v Prochilo*, 41 NY2d 759, 761).

We thus conclude that the court properly granted defendant's suppression motion.