# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1446**
**KA 13-00679**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

TITO ROOSEVELT, ALSO KNOWN AS SAMUEL GAMBLIN,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DAVID J. RUDROFF OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered March 18, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, forgery in the second degree and false personation.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of promoting prison contraband in the first degree (§ 205.25 [2]). In appeal No. 1, defendant contends that reversal is required because County Court erred in refusing to suppress statements he made to the police following his arrest on the weapons offense. We reject defendant's contention that reversal is required. According to the evidence at the suppression hearing, a police officer on patrol with his partner in the City of Buffalo observed defendant standing in the doorway of a corner store looking outside and from side to side. The officer testified that, when defendant made eye contact with him, defendant's eyes "got big" and he ran toward the rear of the store. The officer and his partner exited their vehicle and, upon entering the store, they encountered defendant, who was on his way out. Defendant was sweating and appeared to be nervous. The officer directed a third officer to detain defendant outside while he and his partner searched the store for guns or drugs. Within minutes, the officer found a loaded .38 caliber handgun in a cardboard box that contained gallon jugs of water. The box was on the shelf of the aisle where the officer had seen defendant walking as he headed for the

exit.  The officer and his partner then reviewed the store's surveillance video, which showed defendant placing an object into the box in question minutes earlier.  After viewing the video, the officer sent a radio message to the third officer directing him to arrest defendant.

At the police station, defendant waived his *Miranda* rights and admitted that he possessed the gun, explaining that he intended to use the gun to shoot a man in the store who had shot his brother.  In seeking to suppress his statements to the police but not the weapon itself, defendant contended that he was unlawfully detained outside the store before the police discovered the weapon and that his statements therefore constituted fruit of the poisonous tree.

We agree with defendant that the police unlawfully detained him outside the store while they searched inside for contraband, inasmuch as, at that time, there did not exist reasonable suspicion to believe that he was committing, had committed or was about to commit a crime (*see generally People v Moore*, 6 NY3d 496, 498-499; *People v De Bour*, 40 NY2d 210, 223).  Defendant's behavior in the store as observed by the officer justified, at most, a level two common-law inquiry.  The People assert that, once the police independently found the loaded weapon in the store approximately five minutes after defendant was initially detained, the degree of suspicion ripened to probable cause, and defendant was lawfully arrested.  Thus, the People conclude, there is no basis to suppress defendant's subsequent statements as the product of an unlawful arrest (*see People v Stevenson*, 273 AD2d 826, 827).  Because the suppression court did not rely on that ground in denying defendant's motion, however, we cannot affirm on that basis (*see People v Concepcion*, 17 NY3d 192, 197-198).

Nevertheless, we conclude that any error in failing to suppress defendant's statements is harmless inasmuch as the proof of guilt is overwhelming and there is no reasonable possibility that the jury would have acquitted defendant if his statements had been suppressed (*see People v Brown*, 120 AD3d 954; *see generally People v Crimmins*, 36 NY2d 230, 237).  The store surveillance video clearly showed defendant place an object into the box in which the loaded firearm was found minutes later by the police.  Although one cannot discern from the video that the object that defendant placed into the box was a gun — defendant suggests on appeal that it could have been a cell phone — the box contained no objects other than the gun and the jugs of water.  Moreover, the evidence at trial showed that defendant could not be excluded as a contributor to DNA recovered from the gun.  According to the People's DNA expert, the probability of randomly selecting an unrelated person as a possible contributor to the DNA profile was at least one in 995 for individuals in the United States.

We reject defendant's further contention in appeal No. 1 that the evidence is legally insufficient to support the conviction of the weapons offense.  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant possessed a

loaded and operable firearm (*see generally People v Bleakley*, 69 NY2d 490, 495).  Further, viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We have reviewed defendant's remaining contentions in appeal No. 1 and conclude that none require reversal or modification of the judgment.  Finally, in view of our determination affirming the judgment in appeal No. 1, there is no basis to grant his request to reverse the judgment in appeal No. 2 and vacate his plea of guilty (*cf. People v Fuggazzatto*, 62 NY2d 862, 863).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court