# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**24**
**KA 10-02453**
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

MICHAEL D. SCHLUTER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered October 7, 2010. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree, criminal sexual act in the second degree, criminal sexual act in the third degree, rape in the third degree and falsely reporting an incident in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the third degree (§ 130.40 [2]).

Contrary to defendant's contention in appeal No. 1, County Court properly refused to suppress statements defendant made to the police during a recorded interrogation. Defendant waived his *Miranda* rights at the outset of the interrogation, but he contends that his waiver was rendered invalid by police conduct during the interrogation. Defendant failed to raise that specific contention in his motion papers or at the suppression hearing as a ground for suppressing his statements, and thus he failed to preserve that contention for our review (*see People v Brown*, 120 AD3d 954, 955, *lv denied* 24 NY3d 1118). In any event, we reject his contention "that the validity of the waiver was vitiated by police conduct that occurred *after* the waiver" (*Matter of Jimmy D.*, 15 NY3d 417, 424). Contrary to defendant's further contention, the court properly concluded that he did not make an unequivocal request for counsel during the

interrogation (*see People v Hicks*, 69 NY2d 969, 970, *rearg denied* 70 NY2d 796; *People v Regan*, 21 AD3d 1357, 1358).

We reject defendant's contention in both appeals that the court erred in denying his pro se motion to withdraw his pleas without conducting a hearing.  The record of the plea proceeding belies his contention that he did not have sufficient time to consult with counsel (*see People v Griffin*, 89 AD3d 1235, 1236) and, moreover, counsel's advice to defendant that he would likely receive a harsher sentence after trial does not constitute coercion (*see People v Griffin*, 120 AD3d 1569, 1570, *lv denied* 24 NY3d 1084).

In view of our determination affirming the judgment in appeal No. 1, there is no basis to grant defendant's request to reverse the judgment in appeal No. 2 and to vacate his plea of guilty (*cf. People v Fuggazzatto*, 62 NY2d 862, 863).

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court