■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TAYLOR, Appellant. [625 NYS2d 637] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered March 29, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the scope and duration of cross-examination is subject to the discretion of the trial court *(see, People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846; *People v Brown,* 162 AD2d 695; *People v Almeida,* 159 AD2d 508, 509). In the present case, the trial court did not improvidently exercise its discretion when it terminated defense counsel's cross-examination of the complainant. The trial court permitted defense counsel to extensively cross-examine

the complainant for approximately one hour. Moreover, when the court brought the cross-examination to an end, defense counsel was questioning the complainant about something that he had previously explored.

Contrary to the defendant's contention, the trial court meaningfully responded to a confusing note from the jury *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847). The record reveals that the trial court explained to the jury that one part of its three-part note was unclear and directed the jury to send it another note requesting "further amplification" if the court's instructions failed to answer the jury's question. The jury continued deliberating and reached a verdict without asking the trial court for additional instructions. Since the trial court explained to the jury that it did not understand its request and invited the jury to send it another note, the trial court demonstrated a willingness to abide by the jury's wishes *(see, People v Barbella,* 154 AD2d 687, *cert denied* 495 US 908). Accordingly, under these circumstances, the trial court's response to the jury's note was proper. Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.