■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD M. KERNER, Appellant. [751 NYS2d 139] —Appeal from a judgment of Oneida County Court (Donalty, J.), entered May 21, 1996, convicting defendant after a jury trial of, inter alia, manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), and one count each of manslaughter in the second degree (Penal Law § 125.15 [1]), driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]), failure to stop for a red light (§ 1111 [d] [1]), failure to reduce speed (§ 1180 [e]), speeding (§ 1180 [former (d)]), failure to exercise due care (§ 1146), and reckless driving (§ 1212). We reject the contention of defendant that County Court erred in denying his motion to set aside the verdict on the ground that improper conduct on the part of a juror created a substantial risk of prejudice to the rights of defendant. Specifically, defendant contends that a juror failed to disclose that he was aware of prior convictions or bad acts of defendant, was related to two potential witnesses and had made disparaging remarks about defendant to the other jurors. Contrary to defendant's contention, the court properly exercised its "discretion in summarily denying, without a hearing, the defendant's motion to set aside the verdict based on juror misconduct where that application was supported only by hearsay allegations contained in an affidavit of defense counsel" (*People v Cervantes,* 242 AD2d 730, 731; *see People v Friedgood,* 58 NY2d 467, 473; *People v Nolan,* 268 AD2d 601, *lv denied* 95 NY2d 801). Thus, defendant has failed to demonstrate a "substantial risk of prejudice" to his rights (*People v Brown,* 48 NY2d 388, 394). We reject the further contention of defendant that the conviction of manslaughter in the second degree is not supported by legally sufficient evidence and that the court therefore erred in denying his motion to dismiss that count of the indictment at the close of the People's case. Defendant waived subsequent review of that issue by failing to renew his motion after presenting witnesses for the defense (*see*

*People v Hines,* 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.