THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT RUTLEY, Appellant. [869 NYS2d 842]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of robbery in the first degree (Penal Law § 160.15 [1], [2], [4]). Defendant contends that County Court erred in curtailing defense counsel's cross-examination of a police investigator during the *Huntley* hearing concerning the circumstances under which defendant made his written statement (*see generally People v Walker*, 228 AD2d 798, 800 [1996], *lv denied* 88 NY2d 1072 [1996]). We note at the outset that the court did not in fact prohibit defense counsel from cross-examining the investigator with respect to the circumstances under which the statement was made but, rather, merely required defense counsel to do so with relevant questions. Although those circumstances are indeed relevant to the issue to be determined at the *Huntley* hearing, i.e., whether the statement was voluntarily made (*see generally People v Huntley*, 15 NY2d 72 [1965]; *People v Coggins*, 234 AD2d 469, 470 [1996]), here the questions posed by defense counsel concerned the content of the statement and not whether it was voluntarily made. Thus, under the circumstances of this case, the court did not abuse its discretion in curtailing defense counsel's cross-examination of the investigator (*see generally People v Taylor*, 214 AD2d 757 [1995], *lv denied* 87 NY2d 851 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Fahey and Peradotto, JJ.