# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**489**

**KA 11-00007**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

BENEDICT AGOSTINI, DEFENDANT-APPELLANT.

---

WHITE & WHITE, NEW YORK CITY (DIARMUID WHITE OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered July 15, 2009. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that he was denied a fair trial based on the prosecutor's cross-examination of his wife concerning her prior employment as an exotic dancer. We agree with defendant that such questions were improper. Employment as an exotic dancer does not constitute a prior bad act for the purposes of cross-examination, and those questions were not relevant to any other issue in the case. We conclude, however, "that the prosecutor's misconduct did not cause such substantial prejudice to the defendant that he has been denied due process of law" (*People v Stabell*, 270 AD2d 894, 894, *lv denied* 95 NY2d 804 [internal quotation marks omitted]; *see People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711; *People v Mott*, 94 AD2d 415, 418-419). "In this case, the misconduct was not pervasive and was limited in nature" (*Rubin*, 101 AD2d at 77). Defendant's further contention that he was denied a fair trial based upon two identical instances of prosecutorial misconduct is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, it is without merit. Although County Court overruled defense counsel's objection with respect to the first of those instances, it responded to his subsequent objection by giving the jury a curative instruction. Defense counsel neither objected to that instruction nor moved for a mistrial.

We reject defendant's contention that his right of confrontation was violated when the court limited his cross-examination of a police detective regarding the methods used by the police to take witness statements. That detective interviewed only one witness and was not present for the interviews of other witnesses, and defense counsel was able to cross-examine all witnesses regarding the inconsistencies between their trial testimony and their statements to the police. Thus, under the circumstances of this case, we conclude that the court did not abuse its discretion in limiting defendant's cross-examination of the detective in question (*see generally People v Taylor*, 214 AD2d 757, *lv denied* 87 NY2d 851). Finally, the sentence is not unduly harsh or severe.

Entered: May 6, 2011                                    Patricia L. Morgan
                                                        Clerk of the Court