# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1271

KA 09-01624

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ALLEN COLVIN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered April 3, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that Supreme Court erred in refusing to allow him to present evidence that a codefendant wrote a letter admitting that he committed the crimes charged in the indictment. We reject that contention. It is well settled that, "[b]efore statements of a nontestifying third party are admissible as a declaration against penal interest, the proponent must satisfy the court that four prerequisites are met [, including that] . . . the declarant must be aware at the time of its making that the statement was contrary to his penal interest" (*People v Brensic*, 70 NY2d 9, 15, *mot to amend remittitur granted* 70 NY2d 722; *see People v Shabazz*, 22 NY3d 896, 898). Here, defendant failed to establish that the author of the letter wrote it before pleading guilty, and defendant thus failed to establish that the admission contained in the letter was against the author's penal interest when he wrote it (*see generally People v Ortiz*, 81 AD3d 513, 514, *lv denied* 16 NY3d 898).

With respect to his contentions regarding the *Huntley* hearing, we note that defendant failed to preserve for our review his contention that the court "unduly limited his cross-examination of a police officer concerning . . . statements" that defendant made to that officer (*People v Rookey*, 292 AD2d 783, 783, *lv denied* 98 NY2d 701).

In any event, that contention is without merit.  "It is well settled that '[a]n accused's right to cross-examine witnesses . . . is not absolute' . . . [and that t]he trial court has discretion to determine the scope of the cross-examination of a witness" (*People v Corby*, 6 NY3d 231, 234, quoting *People v Williams*, 81 NY2d 303, 313).  Here, we conclude that the court did not abuse its discretion in limiting the scope of defendant's cross-examination of the officer at issue (*see People v Baker*, 294 AD2d 888, 889, *lv denied* 98 NY2d 708; *People v Herner*, 212 AD2d 1042, 1045, *lv denied* 85 NY2d 974).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court