# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

540
KA 11-00941
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RONNIE R. WALKER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 22, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that he was unlawfully searched after a traffic stop in the City of Rochester. Specifically, defendant contends that the police officer's pat-down search was not justified based either on safety concerns or on the odor of unburned marihuana. We reject that contention, inasmuch as we conclude that it was justified based on the odor of unburned marihuana. "[I]t is well established that '[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause' to search a vehicle and its occupants" (*People v Cuffie*, 109 AD3d 1200, 1201, *lv denied* 22 NY3d 1087). Here, the police officers testified regarding their training on the identification of marihuana and, on appeal, defendant does not challenge their training but instead challenges only their credibility. We discern no basis to disturb the court's credibility assessments of the officers inasmuch as " '[n]othing about the officer[s'] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self contradictory' " (*People v Williams*, 115 AD3d 1344, 1345). Furthermore, the court did not abuse its discretion in curtailing defense counsel's cross-examination of the officers because defense counsel's attempts to establish certain "contradictions in time" were

not relevant to the suppression issues before the court (*see generally People v Colvin*, 112 AD3d 1348, 1348-1349, *lv denied* 22 NY3d 1155; *People v Agostini*, 84 AD3d 1716, 1717, *lv denied* 17 NY3d 857; *People v Rutley*, 57 AD3d 1497, 1497, *lv denied* 12 NY3d 821).  Thus, the officers had probable cause to search defendant (*see Cuffie*, 109 AD3d at 1201; *see also People v Virges*, 118 AD3d 1445, 1445-1446; *People v Contant*, 90 AD3d 779, 780, *lv denied* 18 NY3d 956).  Defendant's reliance on *People v Howington* (96 AD3d 1440, 1441), a People's appeal, is misplaced because in that case we merely upheld the suppression court's credibility determination that the officer could not have detected the odor of unburned marihuana.  Here, we uphold the court's credibility determination otherwise.

Contrary to defendant's final contention, he is not entitled to a new hearing.  His assertion that the court erred in prohibiting him from establishing that the subject stop was pretextual is without merit because "a traffic stop is lawful where, as here, a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, . . . [regardless of] the primary motivation of the officer" (*Cuffie*, 109 AD3d at 1201 [internal quotation marks omitted]; *see People v Daniels*, 117 AD3d 1573, 1574).

Entered:  May 8, 2015                                    Frances E. Cafarell
                                                        Clerk of the Court