# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**93**
**KA 12-00206**
PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                      MEMORANDUM AND ORDER

MICHELLE D. SPIRLES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered December 13, 2011. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that Supreme Court erred in refusing to suppress the statements she made to the first police officer who responded to the crime scene, i.e., her home, in response to a 911 call. According to defendant, she was subjected to custodial interrogation and was not *Mirandized*. We reject that contention. It is well settled that "both the elements of police 'custody' and police 'interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by *Miranda*" (*People v Huffman*, 41 NY2d 29, 33; *see People v Anthony*, 85 AD3d 1634, 1635, *lv denied* 17 NY3d 813). "Under the circumstances [presented here], we conclude that a reasonable person, innocent of any crime, would not have believed that he or she was in police custody but, rather, would have believed that he or she was being interviewed as a witness to a crime" (*People v Debo*, 45 AD3d 1349, 1350, *lv denied* 10 NY3d 809). Furthermore, the officer asked only preliminary questions in an attempt to identify the victim and determine what had happened to him, and "[i]t is well established that threshold crime scene inquiries designed to clarify the situation and questions that are purely investigatory in nature do not need to be preceded by *Miranda* warnings" (*People v Shelton*, 111 AD3d 1334, 1336-1337, *lv denied* 23 NY3d 1025 [internal quotation marks omitted]). "This determination disposes of defendant's further argument that

[her] statement[s] to the investigator [at the police station were] tainted by the alleged illegality of the [officer's] initial questioning" (*People v Coffey*, 107 AD3d 1047, 1050, *lv denied* 21 NY3d 1041; *see People v Oakes*, 57 AD3d 1425, 1426, *lv denied* 12 NY3d 786).

Defendant failed to preserve for our review her further contention that the court deprived her of her right of confrontation by limiting her cross-examination of her landlord (*see People v Liner*, 9 NY3d 856, 856-857, *rearg denied* 9 NY3d 941; *People v Castor*, 99 AD3d 1177, 1181, *lv denied* 20 NY3d 1010), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We otherwise reject defendant's contention that the court abused its discretion in sustaining the prosecutor's objection to the questioning of the landlord on cross-examination concerning possible fraud by the witness.  "Although a witness may be questioned about prior bad acts which bear upon his [or her] credibility, the questions must be asked in good faith and must have a basis in fact" (*People v Steele*, 168 AD2d 937, 938, *lv denied* 77 NY2d 967) and, here, defense counsel failed to establish that she had a good-faith basis for the questions at issue (*see People v Lester*, 83 AD3d 1578, 1578-1579, *lv denied* 17 NY3d 818; *People v Dellarocco*, 115 AD2d 904, 905, *lv denied* 67 NY2d 941).

Defendant failed to preserve for our review her contention that the prosecutor engaged in several instances of misconduct during summation inasmuch as she failed to object to any of those instances (*see People v McEathron*, 86 AD3d 915, 916, *lv denied* 19 NY3d 975).  In any event, the challenged comments were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320, 1322, *lv denied* 12 NY3d 915; *see generally People v Halm*, 81 NY2d 819, 821).

Defendant further contends that the court failed to conduct an audibility hearing prior to ruling on the admissibility of a recording of a witness's 911 call.  That contention is belied by the record, however, which establishes that the court reviewed the recording in open court with the attorneys present and concluded that it was admissible (*see e.g. People v Lubow*, 29 NY2d 58, 68).  Contrary to defendant's further contention, the court properly determined that the recording was not "so inaudible and indistinct that the jury would have to speculate concerning its contents" (*People v Cleveland*, 273 AD2d 787, 788, *lv denied* 95 NY2d 864; *see People v Leeson*, 299 AD2d 919, 919, *lv denied* 99 NY2d 560).

We reject defendant's contention that the court abused its discretion in curtailing defense counsel's cross-examination of the officers during the suppression hearing.  Defense counsel's questions were not relevant to the suppression issues before the court (*see generally People v Colvin*, 112 AD3d 1348, 1348-1349, *lv denied* 22 NY3d 1155; *People v Agostini*, 84 AD3d 1716, 1717, *lv denied* 17 NY3d 857; *People v Rutley*, 57 AD3d 1497, 1497, *lv denied* 12 NY3d 821).  Finally, we reject defendant's contention that the cumulative effect of the court's alleged errors deprived her of a fair trial (*see People v*

*McKnight*, 55 AD3d 1315, 1317, *lv denied* 11 NY3d 927; *People v Wurthmann*, 26 AD3d 830, 831, *lv denied* 7 NY3d 765).

Entered: February 5, 2016                      Frances E. Cafarell
                                               Clerk of the Court