■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR HAILEY, Appellant. [61 NYS3d 755]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 26, 2015. The judgment convicted defendant, upon a nonjury verdict, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]). According to the victim's testimony, defendant, who was seated in the backseat of the victim's cab, demanded that the victim "give it up" and stated that he had a gun to the victim's head. The victim then felt a "metal object" on the back of his head. The victim subsequently drove his cab to a convenience store for purposes of withdrawing money from an automated teller machine. While entering the store together, defendant reminded the victim that he had a gun and directed the victim to avoid drawing attention to them.

Based on the above testimony, we reject defendant's contention that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence is legally sufficient to establish that defendant displayed what appeared to the victim to be a firearm (*see* Penal Law § 160.10 [2] [b]; *People v Howard*, 92 AD3d 176, 179-180 [2012], *affd* 22 NY3d 388 [2013]; *People v Groves*, 282 AD2d 278, 278 [2001], *lv denied* 96 NY2d 901 [2001]; *People v Jackson*, 180 AD2d 756, 756-757 [1992], *lv denied* 80 NY2d 832 [1992]), and that defendant came " 'dangerously near' " to forcibly depriving the victim of property (*People v Naradzay*, 11 NY3d 460, 466 [2008]; *see People v Lamont*, 25 NY3d 315, 319 [2015]; *People v Bracey*, 41 NY2d 296, 301 [1977], *rearg denied* 41 NY2d 1010 [1977]). Defendant's intent to rob the victim could reasonably be inferred from defendant's conduct and the surrounding circumstances (*see Lamont*, 25 NY3d at 319; *Bracey*, 41 NY2d at 301-302; *People v Gordon*, 119 AD3d 1284, 1286 [2014], *lv denied* 24 NY3d 1002 [2014]). Viewing the evidence in light of the elements of the crime of attempted robbery in the second degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence with respect to that crime (*see generally Bleakley*, 69 NY2d at 495). We see no basis to disturb Supreme Court's credibility determinations (*see generally id.*).

We reject defendant's further contention that the court erred in refusing to suppress the statements he made to the police while seated in the back of a patrol car, before he was advised of his *Miranda* rights. It is well settled that "both the elements of police 'custody' and police 'interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by *Miranda*" (*People v Huffman*, 41 NY2d 29, 33 [1976]; *see People*

*v Spirles*, 136 AD3d 1315, 1316 [2016], *lv denied* 27 NY3d 1007 [2016], *cert denied* 580 US —, 137 S Ct 298 [2016]). Here, defendant's statements were not the product of police interrogation inasmuch as the officer asked defendant only preliminary questions that "were investigatory and not accusatory" (*People v Parulski*, 277 AD2d 907, 908 [2000]; *see Spirles*, 136 AD3d at 1316; *People v Brown*, 23 AD3d 1090, 1092 [2005], *lv denied* 6 NY3d 810 [2006]).

Defendant further contends that he was denied effective assistance of counsel. We note, however, that the sole alleged instance of ineffective assistance specified by defendant, i.e., that defense counsel failed to utilize certain exculpatory evidence, is based on matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Johnson*, 81 AD3d 1428, 1428 [2011], *lv denied* 16 NY3d 896 [2011]; *People v Wilson*, 49 AD3d 1224, 1225 [2008], *lv denied* 10 NY3d 966 [2008]). Present—Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.