People v Green (2021 NY Slip Op 04871)





People v Green


2021 NY Slip Op 04871


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


613 KA 20-00053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM GREEN, DEFENDANT-APPELLANT. 






RYAN J. MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered August 20, 2019. The judgment convicted defendant upon a jury verdict of aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, leaving the scene of a property damage incident without reporting and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]), defendant contends that County Court erred in refusing to suppress a series of statements that he made to a sergeant with the Yates County Sheriff's Office. We reject that contention.
This prosecution arises from a motor vehicle accident in which a van struck another vehicle and then was immediately driven from the scene. As the van was driven away, the front bumper fell off with the license place attached. Witnesses notified the Yates County Sheriff's Office, which broadcast the name of the vehicle's registered owner. The sergeant heard the broadcast, knew the owner, and went to a farm he knew to be associated with her to investigate the incident. Upon arriving, he found defendant, who stated that the van had been stolen and gave the sergeant permission to look around the grounds for the van. The sergeant found the van in a rear area of the farm, and defendant was arrested after he made several admissions.
The evidence at the Huntley hearing establishes that defendant made three sets of statements to the sergeant. Contrary to defendant's contention, he was not subjected to custodial interrogation by the sergeant during the first set of statements. "In determining whether a defendant was in custody for Miranda purposes, '[t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position' " (People v Kelley, 91 AD3d 1318, 1318 [4th Dept 2012], lv denied 19 NY3d 963 [2012], quoting People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]; see People v Thomas, 166 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1178 [2019]). Here, upon review of the relevant factors (see People v Lunderman, 19 AD3d 1067, 1068-1069 [4th Dept 2005], lv denied 5 NY3d 830 [2005]) and according due deference to the hearing court's credibility determinations (see People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]), we conclude that "the evidence at the Huntley hearing establishes that defendant was not in custody when he made the statements, and thus Miranda warnings were not required" (People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]; see People v Rounds, 124 AD3d 1351, 1352 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]). Specifically, the evidence establishes, inter alia, that when defendant made the first set of statements, his freedom of action was not significantly restricted and the questioning was investigatory rather than accusatory (see generally Kelley, 91 [*2]AD3d at 1318).
With respect to the second set of statements, the evidence at the hearing establishes that the sergeant had placed defendant in handcuffs because defendant provided evasive answers while standing close to several sharp farm implements. At that time, the sergeant informed defendant that he was trying to sort out what had happened during the accident and that defendant was not under arrest. Based on the evidence, we reject defendant's contention that he was in custody at that time. " 'It is well established that not every forcible detention constitutes an arrest' " (People v Pruitt, 158 AD3d 1138, 1139 [4th Dept 2018], lv denied 31 NY3d 1120 [2018]) and, under these circumstances, we agree with the court that the sergeant's use of handcuffs did not transform the detention into a de facto arrest. To the contrary, the sergeant's use of the handcuffs was warranted in light of the threat to his safety (see People v McDonald, 173 AD3d 1633, 1634 [4th Dept 2019], lv denied 34 NY3d 934 [2019]; People v LaBreck, 286 AD2d 978, 978 [4th Dept 2001], lv denied 97 NY2d 730 [2002]).
Moreover, "both the elements of police 'custody' and police 'interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by Miranda" (People v Huffman, 41 NY2d 29, 33 [1976]; see People v Hailey, 153 AD3d 1639, 1640 [4th Dept 2017], lv denied 30 NY3d 1060 [2017]). Here, we conclude that defendant's second set of statements was made in response to a threshold inquiry by the sergeant that was "intended to ascertain the nature of the situation during initial investigation of a crime, rather than to elicit evidence of a crime, and those statements thus were not subject to suppression" (People v Mitchell, 132 AD3d 1413, 1414 [4th Dept 2015], lv denied 27 NY3d 1072 [2016] [internal quotation marks omitted]; see People v Spirles, 136 AD3d 1315, 1316 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied — US &mdash, 137 S Ct 298 [2016]).
We reject defendant's contention that the court erred in determining that defendant voluntarily made the third set of statements after validly waiving his Miranda rights. The court's determination to credit the testimony of the sergeant at the suppression hearing is entitled to great deference, and we perceive no reason to disturb that credibility determination (see People v Lee, 165 AD3d 1616, 1617 [4th Dept 2018], lv denied 32 NY3d 1113 [2018]; People v Woods, 303 AD2d 1031, 1031 [4th Dept 2003]).
We also reject defendant's contention that the court's Sandoval ruling constituted an abuse of discretion (see People v Sandoval, 34 NY2d 371, 374 [1974]). The court permitted the People to cross-examine defendant on certain convictions to the extent of asking whether defendant had been convicted of those crimes but barred the People from delving into the facts underlying those convictions or inquiring about the remainder of defendant's convictions. We conclude that defendant failed to meet his burden "of demonstrating that the prejudicial effect of the admission of evidence [of those convictions upon which the court permitted inquiry] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (id. at 378; see People v Thomas, 165 AD3d 1636, 1638 [4th Dept 2018], lv denied 32 NY3d 1129 [2018], cert denied — US &mdash, 140 S Ct 257 [2019]).
Contrary to defendant's further contention, we conclude that he was not deprived of a fair trial based on prosecutorial misconduct during summation. The comments in question "were within the broad bounds of rhetorical comment permissible during summations . . . , and they were either a fair response to defense counsel's summation or fair comment on the evidence" (People v Ali, 89 AD3d 1412, 1414 [4th Dept 2011], lv denied 18 NY3d 881 [2012] [internal quotation marks omitted]). Even assuming, arguendo, that the comments exceeded those bounds, we conclude that they "were not so egregious as to deprive defendant of a fair trial" (id. [internal quotation marks omitted]).
With respect to defendant's challenges to the assistance provided by defense counsel, "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation," and thus we conclude that defendant's constitutional right to the effective assistance of counsel has been met (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Henry, 95 NY2d 563, 565 [2000]).
By making only a general motion to dismiss the charges after the People rested their case, [*3]defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]; People v Morris, 126 AD3d 1370, 1371 [4th Dept 2015], lv denied 26 NY3d 932 [2015]). In any event, contrary to defendant's contention, there is a "valid line of reasoning and permissible inferences" that could lead a rational person to conclude, beyond a reasonable doubt (People v Delamota, 18 NY3d 107, 113 [2011]), that defendant committed the crimes of which he was convicted. Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]).
The sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court