People v Defio (2021 NY Slip Op 07400)





People v Defio


2021 NY Slip Op 07400


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


962 KA 15-01321

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JENNIFER DEFIO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 24, 2015. The judgment convicted defendant upon a jury verdict of aggravated vehicular assault, assault in the second degree (three counts) and speed not reasonable or prudent. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of assault in the second degree under count 11 of the indictment and dismissing that count of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of aggravated vehicular assault (Penal Law
§ 120.04-a [4]), three counts of assault in the second degree
(§ 120.05 [4]), and one count of a traffic infraction, all arising from an incident that began when she drove her car into a construction barrier in the City of Syracuse. After she came to a halt, defendant initially appeared to be shaking and unresponsive, but when a Syracuse Police Officer knocked on the window of the driver's side door, defendant immediately became alert, looked at the officer, engaged the accelerator, drove through the barrier, and fled, driving at over 80 miles per hour on city streets until she struck another vehicle, injuring the occupants of the vehicle and a pedestrian.
Contrary to defendant's contention, Supreme Court properly declined to suppress the statements she made to a Syracuse Police Officer while seated in the back of a patrol car, before she was advised of her Miranda rights. No warnings were required because those "statements were not the product of police interrogation inasmuch as the officer asked defendant only preliminary questions that 'were investigatory and not accusatory' " (People v Hailey, 153 AD3d 1639, 1641 [4th Dept 2017], lv denied 30 NY3d 1060 [2017]; see People v Towsley, 85 AD3d 1549, 1551 [4th Dept 2011], lv denied 17 NY3d 905 [2011]; People v Hayes, 60 AD3d 1097, 1100-1101 [3d Dept 2009], lv denied 12 NY3d 925 [2009]). Contrary to defendant's further contention, the officers had probable cause to arrest her (see generally People v Vandover, 20 NY3d 235, 238-239 [2012]; People v Russ, 183 AD3d 1238, 1238 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]), and we conclude that her consent to having her blood drawn was voluntary (see generally People v Mojica, 62 AD3d 100, 114 [2d Dept 2009], lv denied 12 NY3d 856 [2009]). The court thus properly declined to suppress the results of the tests performed on her blood (see People v Badia, 130 AD3d 744, 745 [2d Dept 2015], lv denied 26 NY3d 1085 [2015]; see generally People v Centerbar, 80 AD3d 1008, 1010-1011 [3d Dept 2011]).
Defendant next contends that she is entitled to reversal based on several alleged discovery violations. Defendant failed to preserve for our review her contentions concerning the majority of those allegations inasmuch as she did not object on the specific grounds raised on appeal (see [*2]People v Delatorres, 34 AD3d 1343, 1344 [4th Dept 2006], lv denied 8 NY3d 921 [2007]). In any event, with respect to both defendant's preserved and unpreserved allegations of discovery violations, we cannot conclude that "the conduct has caused such substantial prejudice to defendant . . . that . . . she has been denied due process of law" (People v Davis, 52 AD3d 1205, 1206 [4th Dept 2008]; see generally People v Kessler, 122 AD3d 1402, 1404 [4th Dept 2014], lv denied 25 NY3d 990 [2015]).
We reject defendant's contention that she was deprived of effective assistance of counsel inasmuch as she failed to
" 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]). With respect to defendant's claim that defense counsel was ineffective because he failed to call an expert witness to establish that her symptoms were caused by seizures rather than impairment by drugs, defendant did not demonstrate that such expert "testimony was available, that it would have assisted the jury in its determination or that [s]he was prejudiced by its absence" (People v West, 118 AD3d 1450, 1451 [4th Dept 2014], lv denied 24 NY3d 1048 [2014] [internal quotation marks omitted]; see People v Finch, 180 AD3d 1362, 1363 [4th Dept 2020], lv denied 35 NY3d 993 [2020]; People v Richards, 177 AD3d 1280, 1281 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). Contrary to defendant's further contention, "defense counsel's failure to call [a] certain witness[ ] was a matter of strategy and also did not constitute ineffective assistance of counsel" (People v Gonzalez, 62 AD3d 1263, 1265 [4th Dept 2009], lv denied 12 NY3d 925 [2009]; see e.g. People v Magee, 182 AD3d 996, 998 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]). Insofar as defendant's ineffective assistance challenge involves matters outside the record on appeal, it must be raised by way of a CPL article 440 motion (see People v Timmons, 151 AD3d 1682, 1684 [4th Dept 2017], lv denied 30 NY3d 984 [2017]). We have reviewed the remaining claims of ineffective assistance of counsel, and we conclude that, because "the evidence, the law, and the circumstances [in this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement [has] been met" (People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Nevertheless, viewing the evidence in light of the elements of assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we agree with defendant that the verdict finding her guilty of that crime under count 11 of the indictment is contrary to the weight of the evidence because the People failed to prove beyond a reasonable doubt that defendant caused serious physical injury to the victim. Although the victim testified that he sustained a skull fracture (see People v Rollins, 118 AD2d 949, 951 [3d Dept 1986]; see generally People v Ford, 114 AD3d 1273, 1274 [4th Dept 2014], lv denied 23 NY3d 962 [2014]), the People also introduced expert medical testimony establishing that he did not have a skull fracture. In addition, although the victim testified to ongoing memory issues, there is evidence in the record establishing that he had several other concussions that could also have caused those issues, including one that occurred when he was struck by a metal bat only a few months after this incident. Consequently, we cannot conclude that "the jury was justified in finding . . . defendant guilty beyond a reasonable doubt" (Danielson, 9 NY3d at 348; cf. People v Mosley, 59 AD3d 961, 962 [4th Dept 2009], lv denied 12 NY3d 918 [2009], reconsideration denied 13 NY3d 861 [2009]). We therefore modify the judgment by reversing that part convicting defendant of assault in the second degree under count 11 of the indictment and dismissing that count of the indictment. Viewing the evidence with respect to the remaining counts of the indictment in light of the elements of those counts as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict on those counts is not against the weight of the evidence (see generally id. at 348—349; Bleakley, 69 NY2d at 495).
Finally, the sentence is not unduly harsh or severe.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court