People v Meredith (2023 NY Slip Op 05076)

People v Meredith

2023 NY Slip Op 05076

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

686 KA 20-01119

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WARREN MEREDITH, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 7, 2019. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]).
To the extent that defendant preserved for our review his contention that the conviction is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), that contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention that County Court erred in summarily denying his motion to set aside the verdict pursuant to CPL 330.30. A motion to set aside a verdict based on allegedly improper juror conduct or newly discovered evidence "must contain sworn allegations, whether by the defendant or by another person or persons, of the occurrence or existence of all facts essential to support the motion. Such sworn allegations may be based upon personal knowledge of the affiant or upon information and belief, provided that in the latter event the affiant must state the sources of such information and the grounds of such belief" (CPL 330.40 [2] [a]; see CPL 330.30 [2], [3]). Here, the court properly exercised its discretion in summarily denying defendant's motion insofar as it sought to set aside the verdict based on juror misconduct inasmuch as it "was supported only by hearsay allegations contained in an [affirmation] of defense counsel" (People v Kerner, 299 AD2d 913, 913 [4th Dept 2002], lv denied 99 NY2d 583 [2003] [internal quotation marks omitted]; see People v Barizone, 201 AD3d 810, 811 [2d Dept 2022], lv denied 38 NY3d 1069 [2022]; cf. People v Tokarski, 178 AD2d 961, 961 [4th Dept 1991]). Similarly, the unsworn statement submitted in support of defendant's motion insofar as it sought to set aside the verdict on the ground of newly discovered evidence was insufficient to satisfy the requirements of CPL 330.40 (2) (a) (see People v Abrams, 73 AD3d 1225, 1228 [3d Dept 2010], affd 17 NY3d 760 [2011]; see generally People v Shilitano, 215 NY 715, 715-716 [1915]; People v Lopez, 104 AD2d 904, 905 [2d Dept 1984]).
We reject defendant's further contention that the court erred in excluding him from the hearing held pursuant to People v Hinton (31 NY2d 71 [1972], cert denied 410 US 911 [1973]) to determine whether the courtroom should be closed during the testimony of a witness. The [*2]Hinton hearing "did not constitute a material stage of the trial during which defendant's presence was required" (People v Floyd, 45 AD3d 1457, 1458 [4th Dept 2007], lv denied 10 NY3d 811 [2008]; see also People v Wood, 259 AD2d 777, 779 [3d Dept 1999], lv denied 93 NY2d 1007 [1999]). The evidence adduced at the hearing "did not bear on defendant's guilt or innocence but rather [focused] on the safety of the witness[ ] and was unrelated to factual issues presented at trial" (People v Frost, 100 NY2d 129, 135 [2003]). Further, defendant had a full opportunity to cross-examine the witness at trial, and as such, his confrontation rights were not violated by his exclusion from the Hinton hearing (see id.).
Defendant's contentions regarding prosecutorial misconduct are not preserved for our review (see People v Maull, 167 AD3d 1465, 1467-1468 [4th Dept 2018], lv denied 33 NY3d 951 [2019]; People v Machado, 144 AD3d 1633, 1635 [4th Dept 2016], lv denied 29 NY3d 950 [2017]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the sentence is unduly harsh and severe.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court