People v Serrano

2026 NY Slip Op 02531

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

JOSEPH SERRANO, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

178 KA 25-00383

Present: Curran, J.P., Montour, Smith, Ogden, And Delconte, JJ.

MICHAEL JOS. WITMER, ROCHESTER, FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered August 21, 2023. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts).

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). We affirm.

Contrary to defendant's contention, we conclude, after viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "Issues of credibility are primarily for the jury's determination" (People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; see People v Witherspoon, 66 AD3d 1456, 1457 [4th Dept 2009], lv denied 13 NY3d 942 [2010]) and, thus, we "must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005], quoting Bleakley, 69 NY2d at 495). Here, the testimony of the two eyewitnesses, particularly when viewed in conjunction with the supporting ballistics evidence, "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Black, 38 AD3d 1283, 1285 [4th Dept 2007], lv denied 8 NY3d 982 [2007]; see Edwards, 159 AD3d at 1426), and we see no basis for disturbing the jury's credibility determinations.

Defendant failed to preserve for our review his contention that his constitutional right to confront witnesses against him was violated when the victim's autopsy report was admitted in evidence during the testimony of a medical examiner who did not prepare the report (see CPL 470.05 [2]; People v Bacon, 44 NY3d 1076, 1078 [2025]; People v Flowers, 166 AD3d 1492, 1496 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]).

Contrary to defendant's contention, Supreme Court did not err in refusing to suppress statements defendant made to police investigators while at a hospital. "[B]oth the elements of police 'custody' and police 'interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by Miranda" (People v Huffman, 41 NY2d 29, 33 [1976]; see People v Hailey, 153 AD3d 1639, 1640-1641 [4th Dept 2017], lv denied 30 NY3d 1060 [2017]). Although defendant was in custody at the time the statements he sought to suppress were made (cf. People v Green, 197 AD3d 993, 995 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]), the statements were made in response to a threshold inquiry that was "intended to ascertain the nature of the situation during initial investigation of a crime, rather than to elicit evidence of a crime, and those statements thus [*2]were not subject to suppression" (People v Mitchell, 132 AD3d 1413, 1414 [4th Dept 2015], lv denied 27 NY3d 1072 [2016] [internal quotation marks omitted]; see People v Spirles, 136 AD3d 1315, 1316 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied 580 US 920 [2016]).

Defendant failed to preserve for our review his contention that a photo array identification procedure was unduly suggestive on the grounds that it depicted him in a hospital gown and used a photograph of him that had been broadcast in the media because he did not raise those specific grounds at the suppression hearing (see CPL 470.05 [2]; People v Pinet, 201 AD3d 1370, 1370 [4th Dept 2022], lv denied 38 NY3d 953 [2022]; People v Bell, 19 AD3d 1074, 1075 [4th Dept 2005], lv denied 5 NY3d 803 [2005], reconsideration denied 5 NY3d 850 [2005]).

Defendant's contention that the prosecutor committed misconduct during the grand jury proceeding by failing to correct a witness's allegedly perjurious statement and not disclosing to the grand jury that the same witness did not identify defendant in the first of two photo array identification procedures administered to her is not preserved for our review. Defendant, while seeking dismissal of the indictment "on the general ground that the grand jury proceeding was defective, . . . failed to set forth the specific ground[s] for dismissal now set forth on appeal" (People v Nesmith, 242 AD3d 1564, 1565 [4th Dept 2025], lv denied 44 NY3d 1067 [2026]; see CPL 470.05 [2]; People v Brown, 81 NY2d 798, 798 [1993]).

Defendant failed to preserve for our review his present contention that the court erred in failing to preclude a police investigator's testimony as a sanction for the People's failure to disclose photographs and documentation related to a search of defendant's vehicle because, at trial, he did not request the sanction now sought on appeal (see CPL 470.05 [2]; People v Elmore, 211 AD3d 1536, 1538 [4th Dept 2022], lv denied 42 NY3d 938 [2024]; People v Manigualt, 125 AD3d 1480, 1480 [4th Dept 2015], lv denied 25 NY3d 1074 [2015]). "[I]n the absence of further objection or a request for a mistrial, [the issuance of an adverse inference instruction] must be deemed to have corrected the error to the defendant's satisfaction" (People v Contreras, 154 AD3d 1320, 1322 [4th Dept 2017], lv denied 30 NY3d 1104 [2018] [internal quotation marks omitted]; see People v Acosta, 134 AD3d 1525, 1526 [4th Dept 2015], lv denied 27 NY3d 990 [2016]).

Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct during cross-examination and summation (see People v Marra, 96 AD3d 1623, 1626 [4th Dept 2012], affd 21 NY3d 979 [2013]; People v King, 224 AD3d 1313, 1314 [4th Dept 2024], lv denied 41 NY3d 1019 [2024]; People v Brown, 94 AD3d 1461, 1462 [4th Dept 2012], lv denied 19 NY3d 995 [2012]). In any event, "[r]eversal on grounds of prosecutorial misconduct 'is mandated only when the conduct has caused such substantial prejudice to the defendant that he has been denied due process of law' " (People v Rubin, 101 AD2d 71, 77 [4th Dept 1984], lv denied 63 NY2d 711 [1984]), and that cannot be said here (see People v Alligood, 115 AD3d 1346, 1347-1348 [4th Dept 2014], lv denied 23 NY3d 1017 [2014]; People v Rivers, 82 AD3d 1623, 1624 [4th Dept 2011], lv denied 17 NY3d 904 [2011]).

Contrary to defendant's contention, the court did not err in summarily denying his motion to set aside the verdict pursuant to CPL 330.30 insofar as it was based on alleged juror misconduct. A motion to set aside a verdict based on juror misconduct "must contain sworn allegations, whether by the defendant or by another person or persons, of the occurrence or existence of all facts essential to support the motion. Such sworn allegations may be based upon personal knowledge of the affiant or upon information and belief, provided that in the latter event the affiant must state the sources of such information and the grounds of such belief" (CPL 330.40 [2] [a]; see CPL 330.30 [2]). Here, defendant's motion insofar as it was based on juror misconduct " 'was supported only by hearsay allegations contained in an [affirmation] of defense counsel' " (People v Meredith, 220 AD3d 1201, 1202 [4th Dept 2023], lv denied 41 NY3d 966 [2024]; see People v Kerner, 299 AD2d 913, 913 [4th Dept 2002], lv denied 99 NY2d 583 [2003]).

While we agree with defendant that the People failed to meet their obligation of disclosing impeachment material with respect to an evidence technician (see generally Giglio v United States, 405 US 150, 150-154 [1972]), the "failure by the People to comply with their continuing discovery obligations under CPL 245.60 . . . does not . . . implicate speedy trial [*3]considerations under CPL 30.30" (People v Radford, 237 AD3d 1511, 1513 [4th Dept 2025], lv denied 43 NY3d 1048 [2025]), and we conclude that, contrary to defendant's contention, the court did not abuse its discretion in denying that part of his motion to set aside the verdict pursuant to CPL 330.30 based on that alleged Giglio violation. "[I]n the context of this case, the value of the undisclosed information as admissible impeachment evidence would have been, at best, minimal" (People v Garrett, 23 NY3d 878, 892 [2014], rearg denied 25 NY3d 1215 [2015] [internal quotation marks omitted]).

We further conclude that the court did not abuse its discretion in denying defendant's motion to set aside the verdict pursuant to CPL 330.30 insofar as it was based on alleged late expert disclosure. Under the circumstances of this case, the limited enhancements to the subject video evidence, which consisted solely of zooming in and adjusting the brightness and contrast of the footage using video editing software, were "within the ken of the typical juror," and thus expert disclosure was not required with respect to the testimony and video evidence in question (People v Cronin, 60 NY2d 430, 433 [1983]; see People v Lemery, 107 AD3d 1593, 1594 [4th Dept 2013], lv denied 22 NY3d 956 [2013]; see generally People v Ashe, 208 AD3d 1500, 1507 [3d Dept 2022], lv denied 39 NY3d 961 [2022]).

Contrary to defendant's contention, we conclude that he received effective assistance of counsel. When analyzing a contention of ineffective assistance of counsel, the evidence, law, and circumstances of a particular case must be "viewed in totality and as of the time of the representation" and, if they reveal "that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]). Here, defendant failed to demonstrate the absence of a legitimate or strategic basis for defense counsel's decision not to seek admission in evidence of body-worn camera footage from the officers responding to the shooting, the recording of the 911 call from the victim's girlfriend, or hearsay statements contained within the victim's autopsy report and, thus, "failed to establish that he was denied effective assistance of counsel" on those grounds (People v Dombrowski, 94 AD3d 1416, 1417 [4th Dept 2012], lv denied 19 NY3d 959 [2012]). Similarly, defense counsel was not ineffective for failing to seek admission in evidence of inadmissible hearsay statements contained in a recorded telephone conversation involving one of the prosecution's witnesses (see People v McCullough, 144 AD3d 1526, 1527 [4th Dept 2016], lv denied 29 NY3d 999 [2017]; People v Geddes, 49 AD3d 1255, 1256 [4th Dept 2008], lv denied 10 NY3d 863 [2008]), nor was defense counsel ineffective in failing to request that the court recuse itself or in failing to seek suppression of certain identification testimony. Such efforts would have been unlikely to succeed, and "defense counsel cannot be deemed ineffective for failing to make a motion [or argument] that would have had little to no chance of success" (People v Weeks, 221 AD3d 1469, 1471 [4th Dept 2023], lv denied 41 NY3d 944 [2024]; see generally People v Caban, 5 NY3d 143, 152 [2005]). Notably, defense counsel made appropriate pretrial motions, conducted a suppression hearing and other pretrial hearings, presented opening and closing arguments, raised appropriate objections throughout the trial, effectively cross-examined the prosecution witnesses, and presented a cogent defense in challenging his identification as the shooter (see People v Singleton, 203 AD3d 1671, 1673 [4th Dept 2022], lv denied 38 NY3d 1074 [2022]; People v Goncalves, 283 AD2d 1005, 1005 [4th Dept 2001], lv denied 96 NY2d 918 [2001]).

Finally, defendant contends that he was denied a fair trial by the cumulative effect of the errors alleged herein. We reject defendant's contention with respect to the preserved alleged errors previously reviewed, and we decline to exercise our power to review his contention with respect to the unpreserved alleged errors as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Lathrop, 171 AD3d 1473, 1475 [4th Dept 2019], lv denied 33 NY3d 1106 [2019]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court