THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CARRASQUILLO, Appellant. [856 NYS2d 425]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered June 23, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, murder in the second degree (two counts), robbery in the first degree (two counts) and attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him fol-

lowing a jury trial of, inter alia, murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]), defendant contends that Supreme Court erred in refusing to suppress his statements to an informant and a police investigator. We reject that contention. With respect to the informant, at the time defendant spoke to him in jail defendant was serving a sentence for a prior conviction on an unrelated charge, had no pending charges against him, and was not represented by counsel. The record establishes that defendant's conversation with the informant was voluntary, and the fact that the conversation took place in jail did not render it custodial in nature (*cf. People v Burdo*, 91 NY2d 146, 150 n [1997]). With respect to the police investigator, even assuming, arguendo, that the court erred in refusing to suppress defendant's statement to him, we conclude that any error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). The People did not offer the statement in evidence at trial, and the prosecutor questioned the police investigator only with respect to defendant's date of birth, which constitutes pedigree information that is "not suppressible even when obtained in violation of *Miranda*" (*People v Rodney*, 85 NY2d 289, 293 [1995]).

Contrary to defendant's contention, the court properly determined that the photo array was not unduly suggestive inasmuch as defendant's photograph does not "stand[ ] out as markedly different from" the other photographs (*People v Gee*, 99 NY2d 158, 163 [2002], *rearg denied* 99 NY2d 652 [2003]). Finally, we reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Martoche, J.P., Centra, Lunn, Peradotto and Green, JJ.