■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON A. TOMPKINS, Appellant. [885 NYS2d 667]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered September 19, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts) and burglary in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), and two counts each of burglary in the first degree (§ 140.30 [1], [2]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). We conclude that County Court properly refused to suppress defendant's statements to the police despite his representation by counsel in an unrelated criminal proceeding, "inasmuch as there is no evidence in the record that the interrogating police officers had any knowledge . . . of defendant's representation by counsel therein" (*People v Johnson,* 61 NY2d 932, 934 [1984]; *see People v Ragaglia,* 16 AD3d 1100 [2005], *lv denied* 5 NY3d 793 [2005]; *cf. People v Burdo,* 91 NY2d 146, 149-150 [1997]). Contrary to the further contentions of defendant, the record establishes that he knowingly and intelligently waived his *Miranda* rights, and there is no indication that he was threatened or coerced or that the police unlawfully isolated him from supportive adults who attempted to see him (*see People v Salaam,* 83 NY2d 51, 55 [1993]; *People v Francis,* 49 AD3d 552, 552-553 [2008], *lv denied* 10 NY3d 934 [2008]).

Contrary to the further contentions of defendant, he was not denied effective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Carrasquillo,* 50 AD3d 1547, 1548 [2008], *lv denied* 11 NY3d 735 [2008]), and the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.