# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**221**
**KA 09-01583**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                                MEMORANDUM AND ORDER

ORLANDO O. OCASIO, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered July 24, 2009. The judgment convicted defendant, upon a nonjury verdict, of criminal sexual act in the first degree (three counts) and sexual abuse in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of three counts each of criminal sexual act in the first degree (Penal Law § 130.50 [3]) and sexual abuse in the first degree (§ 130.65 [3]). We reject the contention of defendant that he was denied effective assistance of counsel based upon defense counsel's alleged failure to conduct an effective cross-examination of the People's expert witnesses. That contention constitutes "a disagreement with the strategies and tactics of [defense] counsel [that], in hindsight, may have been unsuccessful but, nonetheless, do not rise to a level of ineffective assistance of counsel" (*People v Page*, 225 AD2d 831, 834, *lv denied* 88 NY2d 883; *see People v Barber*, 231 AD2d 835). To the extent that defendant's contention concerning ineffective assistance of counsel is based upon defense counsel's alleged failure to consult experts or to conduct an investigation with respect to the medical and psychological evidence presented through the People's expert witnesses, it involves matters outside the record on appeal (*see People v Cobb*, 72 AD3d 1565, 1567, *lv denied* 15 NY3d 803; *People v Washington*, 39 AD3d 1228, 1230, *lv denied* 9 NY3d 870). Thus, that contention must be raised by way of a motion pursuant to CPL article 440 (*see Cobb*, 72 AD3d at 1567; *see generally People v Okongwu*, 71 AD3d 1393), or an application seeking other post-conviction relief (*see generally Jackson v Conway*, ___ F Supp 2d ___ [2011]).

Defendant further contends that his right to effective assistance of counsel was violated when County Court failed to make an appropriate inquiry into his complaints concerning his representation and in response to his request for substitution of counsel. Defendant requested substitution of counsel in a letter received by the court approximately five months before trial, and defendant thereafter expressed no further dissatisfaction with defense counsel or renewed his request. Thus, under the circumstances of this case, we conclude that defendant abandoned his request for substitution of counsel (*see People v Hobart*, 286 AD2d 916, *lv denied* 97 NY2d 683). In any event, " '[t]he failure to make a minimal inquiry [into the defendant's reasons for requesting substitution of counsel] does not mandate reversal when a defendant's request is based on . . . assertions that do not suggest a serious possibility of good cause for substitution' " (*People v Moore*, 41 AD3d 1149, 1150, *lv denied* 9 NY3d 879, 992).

Finally, viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court