# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

404/10
KA 08-00850

PRESENT: SCUDDER, P.J., SCONIERS, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RAYMOND CLYDE, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Robert B. Wiggins, A.J.), rendered March 24, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), unlawful imprisonment in the first degree and promoting prison contraband in the first degree. The judgment was reversed by order of this Court entered April 30, 2010 in a memorandum decision (72 AD3d 1538), and the People on June 3, 2010 were granted leave to appeal to the Court of Appeals from the order of this Court, and the Court of Appeals on November 22, 2011 reversed the order and remitted the case to this Court for consideration of facts and issues raised but not determined on the appeal to this Court (___ NY3d ___ [Nov. 22, 2011]).

Now, upon remittitur from the Court of Appeals and having considered the facts and issues raised but not determined on appeal to this Court,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

Memorandum: In one of two prior appeals involving the instant defendant, we reversed the judgment convicting defendant following a jury trial of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [7]), and we granted defendant a new trial based upon our conclusion that "County Court erred in failing to articulate a reasonable basis on the record for its determination to restrain defendant in shackles during the trial" (*People v Clyde* [appeal No. 1], 72 AD3d 1538, 1538-1539). In the second of the two appeals, the People appealed from an order insofar as it granted that part of defendant's motion for a trial order of dismissal with respect to count one of the indictment, charging defendant with attempted rape in the first degree (§§ 110.00, 130.35 [1]). The court had reserved decision on the motion but ultimately granted it pursuant to CPL 290.10 (1), and we concluded that the court properly granted that part

of defendant's motion.  The Court of Appeals reversed our orders in both appeals and remitted the matter to this Court to consider defendant's contentions raised but not addressed in the first appeal (*People v Clyde*, ___ NY3d ___ [Nov. 22, 2011]).  With respect to the second appeal, the Court of Appeals remitted the matter to County Court for sentencing on the conviction of attempted rape.  We thus now address only defendant's remaining contentions in the first appeal.

Defendant, while he was an inmate at Auburn Correctional Facility, attacked a civilian employee as she was walking in a corridor of the correctional facility.  Defendant assaulted another civilian employee who ran to the scene after hearing the woman's cries for help.

Contrary to defendant's contention in his main and pro se supplemental briefs, the court did not violate his constitutional rights by permitting him to represent himself at trial.  In his pro se supplemental brief, defendant contends that he was required to represent himself because he was told by his attorney that his attorney was not prepared for trial, and the court denied defendant's request for an adjournment.  Defense counsel, however, denied that he told defendant that he was not prepared for trial.  Notably, in requesting an adjournment, defendant asserted that the District Attorney's term of office would expire in a few weeks and that the current District Attorney therefore would not try the case at an adjourned date.  Where, as here, the defendant's request for an adjournment sought a tactical advantage, the court properly denied the request (*see generally People v Grimes*, 53 AD3d 1055, 1056, *lv denied* 11 NY3d 789).  The record establishes that the court conducted an exceedingly thorough and searching inquiry to ensure that defendant's waiver of the right to be represented by counsel was knowing, voluntary and intelligent (*see People v Providence*, 2 NY3d 579, 582).

Contrary to defendant's further contention in his main brief, the court did not err in sentencing him as a persistent violent felony offender (*see* Penal Law § 70.08 [1] [a]).  Defendant, who has been imprisoned since 1996, thus tolling the 10-year limitation period (*see* § 70.04 [1] [b] [iv], [v]), challenged only one of the two prior violent felony convictions alleged by the People to be predicate violent felony offenses, i.e., the conviction of robbery in the second degree.  We conclude that the People proved beyond a reasonable doubt that defendant was convicted upon his plea of guilty of robbery in the second degree, a violent felony offense (*see* § 70.02 [1] [b]), on June 4, 1991 (*see People v Williams*, 30 AD3d 980, 983, *lv denied* 7 NY3d 852).  In addition to the certificate of conviction, which is presumptive evidence of the facts stated therein (*see* CPL 60.60 [1]), the People presented a certified fingerprint comparison establishing that defendant's fingerprints records and defendant's fingerprints taken in connection with the arrest for that offense were identical. The sentence is not unduly harsh or severe.  We have reviewed

defendant's remaining contention in his pro se supplemental brief and conclude that it is without merit.

Entered:  December 30, 2011                Frances E. Cafarell
                                           Clerk of the Court