# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**73**

**KA 12-00687**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FRANKLIN A. RUPERT, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered February 10, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, County Court (John L. DeMarco, J.) did not abuse its discretion in denying his request for new assigned counsel after "inquiring as to 'the nature of the disagreement' " between defendant and defense counsel inasmuch as defendant failed to establish that there was " 'good cause' " for substitution (*People v Porto*, 16 NY3d 93, 100). Instead, defendant's allegations regarding defense counsel "evinced disagreements with counsel over strategy . . . , which were not sufficient grounds for substitution" (*People v Blackwell*, 129 AD3d 1690, 1691 [internal quotation marks omitted]).

Defendant failed to object to the testimony of two police officers regarding statements he made at the scene of his arrest, i.e., "I'm here" in response to a "K-9 warning," and "no," in response to a question by a police officer whether anyone else was in the house, and he thus failed to preserve for our review his contention that the testimony deprived him of a fair trial because those statements were not included in the CPL 710.30 notice (*see People v Davis*, 118 AD3d 1264, 1266, *lv denied* 24 NY3d 1083). Even assuming, arguendo, that those statements should have been included in the CPL 710.30 notice, we conclude that any error in admitting them in evidence is harmless because the evidence against defendant is overwhelming, and there is no reasonable possibility that defendant would have been acquitted if the statements had not been admitted in

evidence (*see People v Roosevelt*, 125 AD3d 1452, 1454, *lv denied* 25 NY3d 1076; *see generally People v Crimmins*, 36 NY2d 230, 237).

Contrary to defendant's contention, the court (Melchor E. Castro, A.J.) properly determined that the People proved beyond a reasonable doubt that defendant is a persistent violent felony offender by establishing that he was convicted of burglary in the second degree on two occasions within 10 years prior to the commission of the instant offense (*see* Penal Law § 70.04 [1] [b] [iv], [v]).  The evidence presented by the People included a fingerprint comparison for the three offenses, together with the certificates of conviction of the two predicate offenses, as well as the second felony offender information for the second predicate offense (*see People v Clyde*, 90 AD3d 1594, 1596, *lv denied* 19 NY3d 971).  Defendant correctly contends that the court erred in determining how much of the 10-year period was tolled by periods of incarceration when it included a period of parole supervision, and in using the incorrect date for the commission of the instant offense.  Upon our review of the record, however, we conclude that the sentence for the first predicate offense was not imposed more than ten years before the commission of the instant offense (*see* § 70.04 [1] [b] [iv], [v]; *see generally People v VanHooser* [appeal No. 2], 126 AD3d 1531, 1532).  Defendant failed to object to the testimony of a police officer at the persistent violent felony offender hearing, elicited during cross-examination, regarding a statement that defendant made following his arrest, and which was not included in the CPL 710.30 notice, and he thus failed to preserve for our review his contention that the statement was not admissible (*see People v Oliver*, 63 NY2d 973, 975).  Contrary to defendant's contention, we conclude that he received meaningful representation at the persistent violent felony offender hearing (*see generally People v Baldi*, 54 NY2d 137, 147; *People v Gregg*, 107 AD3d 1451, 1452).

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court