# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1255**
**KA 12-00910**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANDREW DEAN, DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOSEPH D. WALDORF, P.C., ROCHESTER (STEPHEN J. BIRD OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered February 23, 2012. The judgment convicted defendant, upon a jury verdict, of two counts of driving while intoxicated, as class E felonies, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [i] [A]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]), defendant contends that County Court erred in refusing to suppress statements he made to law enforcement officers following his arrest for the instant offenses. Even assuming, arguendo, that those statements should have been suppressed, we conclude that any error in failing to suppress them is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237). The evidence at trial established that, less than two hours before his arrest for the instant offenses, two police officers observed defendant urinating in public while holding an open container of beer. At that time, defendant admitted to the officers that he had been drinking beer, and it appeared to the officers that defendant was intoxicated. The officers, who had knowledge that defendant's license was suspended, informed defendant of the suspension and advised him not to drive. Immediately before his arrest for the instant offenses, one of the same officers observed defendant operating a motor vehicle. When stopped by the officer, defendant attempted to flee but was apprehended. At that time, defendant failed all field sobriety tests, had slurred speech and smelled of alcohol. According to the breathalyzer test, defendant had a blood alcohol content of .16%,

which is twice the legal limit for driving while intoxicated (*see* § 1192 [2]).  We thus conclude that "the evidence against defendant is overwhelming, and there is no reasonable possibility that defendant would have been acquitted if the statements had not been admitted in evidence" (*People v Rupert*, 136 AD3d 1311, 1312, *lv denied* 27 NY3d 1075).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court