People v Noonan (2022 NY Slip Op 00777)





People v Noonan


2022 NY Slip Op 00777


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


981 KA 18-01952

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY M. NOONAN, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (PATRICIA L. DZIUBA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered June 27, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the second degree, aggravated criminal contempt, criminal contempt in the first degree and assault in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and assault in the second degree (§ 120.05 [1]). Defendant failed to preserve for our review his challenge to County Court's Sandoval ruling (see People v Brown, 159 AD3d 1415, 1416 [4th Dept 2018], lv denied 31 NY3d 1115 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that the court erred in submitting to the jury an annotated verdict sheet. The record reveals, however, that defendant, after having the opportunity to review the annotated verdict sheet, failed to object and thereby consented to its submission to the jury (see People v Johnson, 96 AD3d 1586, 1587-1588 [4th Dept 2012], lv denied 19 NY3d 1027 [2012]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction of murder in the second degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "It is well established that a defendant's [i]ntent to kill may be inferred from [his] conduct as well as the circumstances surrounding the crime . . . , and that a jury is entitled to infer that a defendant intended the natural and probable consequences of his acts" (People v Hough, 151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017] [internal quotation marks omitted]). Here, the People presented evidence that defendant and the victim were alone in the apartment bedroom and arguing at the time of the victim's death. The medical examiner's testimony established that the victim sustained hemorrhages on her skull caused by separate blows to the head or by pounding her head against a hard surface. The victim also sustained hemorrhages in her larynx and around her trachea which, according to the medical examiner, could have resulted only from external compression. Moreover, the medical examiner testified that the victim also sustained fatal damage to her liver as a result of blunt force trauma to her abdomen. Consequently, we conclude that the evidence is legally sufficient to establish defendant's intent to kill the victim (see generally id.). Similarly, to the extent that defendant contends that his conviction of assault in the second degree is based on insufficient evidence because the People failed to establish his intent to cause serious physical injury (see Penal Law § 120.05 [1]), we reject that contention (see People v Massey, 140 AD3d 1736, 1737 [4th Dept 2016], lv denied 28 NY3d 972 [2016]). In addition, viewing the evidence in light of the elements of the crimes of murder in the second degree and assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with [*2]respect to those crimes is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that the court abused its discretion in permitting a witness to testify to a prior statement made by defendant in which defendant admitted that he had previously punched the victim in the stomach because doing so does not leave marks. As an initial matter, we conclude that defendant preserved his contention for our review (see People v Sheehan, 105 AD3d 873, 874 [2d Dept 2013], lv denied 21 NY3d 1020 [2013]; cf. People v Cayea, 163 AD3d 1279, 1280 [3d Dept 2018], lv denied 32 NY3d 1109 [2018]). We nonetheless conclude that the court did not err in allowing that testimony because the statement was relevant to establish defendant's intent and motive (see People v Dixon, 171 AD3d 1470, 1471 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]; see generally People v Leonard, 29 NY3d 1, 7 [2017]; People v Westerling, 48 AD3d 965, 966-968 [3d Dept 2008]), and the probative value of that evidence outweighed the potential for prejudice (see generally People v Allweiss, 48 NY2d 40, 46-47 [1979]).
Defendant's sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that they are without merit.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court