People v Molina (2022 NY Slip Op 05456)

People v Molina

2022 NY Slip Op 05456

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

699 KA 17-02213

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE MOLINA, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered July 11, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), one count of criminal sale of a controlled substance in the third degree (§ 220.39 [1]), and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). We affirm.
Defendant's contention that the evidence is legally insufficient to support the conviction is unpreserved for our review because defendant's general motion for a trial order of dismissal was not
" 'specifically directed' at" any alleged shortcoming in the evidence now raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v Ford, 148 AD3d 1656, 1657 [4th Dept 2017], lv denied 29 NY3d 1079 [2017]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that Supreme Court abused its discretion in its Sandoval ruling, pursuant to which the prosecutor was permitted to question defendant about his 2009 convictions for, inter alia, assault in the second degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree (see People v Sandoval, 34 NY2d 371, 374 [1974]). Contrary to defendant's contention, a court's exercise of discretion "should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning" (People v Walker, 83 NY2d 455, 459 [1994]; see People v Scott, 189 AD3d 2062, 2063 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]), particularly where, as here, "the basis of the court's decision may be inferred from the parties' arguments" (Walker, 83 NY2d at 459). Further, we conclude that the convictions were "probative of his credibility inasmuch as such acts showed the 'willingness . . . [of defendant] to place the advancement of his individual self-interest ahead of principle or of the interests of society' " (People v Turner, 197 AD3d 997, 999 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]; see Sandoval, 34 NY2d at 377) and that [*2]defendant failed to meet his burden "of demonstrating that the prejudicial effect of the admission of evidence [of those convictions on which the court permitted inquiry] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (Sandoval, 34 NY2d at 378; see People v Green, 197 AD3d 993, 996 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]).
Defendant contends that the court erred in failing to make any inquiry into his request for substitution of counsel. Even assuming, arguendo, that the letter defendant sent to the court amounted to a request for substitution of counsel, we conclude that defendant abandoned any request for substitution of counsel inasmuch as he expressed no further dissatisfaction with defense counsel and made no request for substitution of counsel at trial (see People v Ocasio, 81 AD3d 1469, 1470 [4th Dept 2011], lv denied 16 NY3d 898 [2011], cert denied 565 US 910 [2011]; see also People v Hobart, 286 AD2d 916, 916 [4th Dept 2001], lv denied 97 NY2d 683 [2001]).
Finally, the sentence imposed is not unduly harsh or severe.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court