People v Macon (2023 NY Slip Op 03132)

People v Macon

2023 NY Slip Op 03132

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

427 KA 19-00323

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWAYNE MACON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered December 28, 2018. The judgment convicted defendant upon a jury verdict of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), arising from an incident in which he repeatedly hit the victim with what appeared to be a metal pipe. Defendant failed to preserve for our review his challenge to County Court's Sandoval ruling (see People v Noonan, 202 AD3d 1469, 1470 [4th Dept 2022], lv denied 38 NY3d 1009 [2022]; People v Brown, 159 AD3d 1415, 1416 [4th Dept 2018], lv denied 31 NY3d 1115 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, "the fact that the [metal pipe purportedly used] by defendant during the incident was not recovered does not render . . . the verdict against the weight of the evidence" (People v Cohens, 81 AD3d 1442, 1444 [4th Dept 2011], lv denied 16 NY3d 894 [2011]). In addition, although an acquittal would not have been unreasonable in light of certain conflicting witness testimony, based upon our independent review of the evidence, and giving "[g]reat deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Massey, 140 AD3d 1736, 1738 [4th Dept 2016], lv denied 28 NY3d 972 [2016] [internal quotation marks omitted]), we conclude that the jury's rejection of the justification defense is not contrary to the weight of the evidence (see id.; see also People v DeCamp, 211 AD3d 1121, 1124 [3d Dept 2022], lv denied 39 NY3d 1077 [2023]; People v Cruz, 175 AD3d 1060, 1061 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]).
Finally, the sentence is not unduly harsh or severe.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court