People v Ruiz (2025 NY Slip Op 00570)

People v Ruiz

2025 NY Slip Op 00570

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

870 KA 22-00585

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE RUIZ, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ABIGAIL D. WHIPPLE OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered March 14, 2022. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]).
We reject defendant's contention that he was denied effective assistance of counsel. " '[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]), and here defendant failed to meet that burden (see People v Rogers, 70 AD3d 1340, 1340 [4th Dept 2010], lv denied 14 NY3d 892 [2010], cert denied 562 US 969 [2010]). Instead, "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of representation, reveal that [defense counsel] provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends that he was denied a fair trial by prosecutorial misconduct, but we note that he failed to object to any of the instances of alleged misconduct he now raises on appeal, and thus his contention is not preserved for our review (see People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]).
Next, defendant contends that the conviction is not supported by legally sufficient evidence because the People failed to establish that defendant intended to kill the victim. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction of murder in the second degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "It is well established that a defendant's [i]ntent to kill may be inferred from [their] conduct as well as the circumstances surrounding the crime . . . , and that a jury is entitled to infer that a defendant intended the natural and probable consequences of [their] acts" (People v Noonan, 202 AD3d 1469, 1470 [4th Dept 2022], lv denied 38 NY3d 1009 [2022]; see People v Hough, 151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017]). Here, the People presented evidence that defendant inflicted approximately 60 blows to the victim's torso and approximately 50 more to her extremities. The doctor who performed the autopsy testified that it was one of the worst blunt-force trauma autopsies that she had ever performed. That doctor also testified, with respect to the [*2]strangulation, that it would take approximately four to six minutes of applying 4.4 pounds of pressure to cause death. We conclude that the evidence is legally sufficient to establish defendant's intent to kill (see Noonan, 202 AD3d at 1470). Additionally, viewing the evidence in light of the elements of the crime of murder in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different result would not have been unreasonable, the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention that County Court erred in refusing to substitute new counsel in place of his assigned attorneys. When defendant initially raised concerns about the two attorneys serving as defense counsel, the court permitted defendant to place his complaints on the record (see People v Tatum, 204 AD3d 1400, 1401-1402 [4th Dept 2022], lv denied 38 NY3d 1074 [2022]). At an appearance shortly thereafter, defendant informed the court that he and one of his attorneys had engaged in a "very constructive conversation." Upon defendant's subsequent pro se motion for substitution, the court again conducted an inquiry in which it permitted defendant "to articulate his complaints about defense counsel" (People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]), following which the court properly denied defendant's request, inasmuch as good cause for substitution does not exist where, as here, "on the eve of trial, disagreements over trial strategy generate discord" (People v Linares, 2 NY3d 507, 511 [2004]; see People v Porto, 16 NY3d 93, 101-102 [2010]; People v Brady, 192 AD3d 1557, 1558 [4th Dept 2021], lv denied 37 NY3d 954 [2021]).
Contrary to defendant's further contention, the court did not abuse its discretion in its Sandoval ruling (see People v Molina, 208 AD3d 1641, 1642 [4th Dept 2022], lv denied 39 NY3d 964 [2022]; People v Smalls, 16 AD3d 1154, 1155 [4th Dept 2005], lv denied 5 NY3d 769 [2005]).
Finally, the sentence is not unduly harsh or severe.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court