People v Ivey (2025 NY Slip Op 01525)

People v Ivey

2025 NY Slip Op 01525

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

763 KA 19-00665

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KELVIN A. IVEY, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered February 5, 2019. The judgment convicted defendant upon his plea of guilty of identity theft in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of identity theft in the second degree (Penal Law § 190.79 [1]).
Defendant correctly contends, and the People correctly concede, that defendant's waiver of the right to appeal is invalid inasmuch as County Court's oral colloquy and the written waiver of the right to appeal mischaracterized the waiver as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Shea'honnie D., 217 AD3d 1419, 1420 [4th Dept 2023]).
Defendant further contends that the court erred in failing to make a minimal inquiry into his request for substitution of counsel. That contention "is encompassed by the plea . . . except to the extent that the contention implicates the voluntariness of the plea" (People v Lafferty, 227 AD3d 1480, 1481 [4th Dept 2024], lv denied 42 NY3d 928 [2024] [internal quotation marks omitted]; see People v Harris, 182 AD3d 992, 994 [4th Dept 2020], lv denied 35 NY3d 1066 [2020]). In any event, even assuming, arguendo, that the letter defendant sent to the court amounted to a request for substitution of counsel, we conclude that defendant abandoned that request when he decided to plead guilty while still being represented by the same attorney (see People v Wellington, 169 AD3d 1440, 1441 [4th Dept 2019], lv denied 33 NY3d 982 [2019]; see also People v Molina, 208 AD3d 1641, 1642-1643 [4th Dept 2022], lv denied 39 NY3d 964 [2022]). Here, not only did defendant fail to raise that request at subsequent appearances before the court, of which there were several, but he also affirmatively stated that he was satisfied by defense counsel's representation during the plea colloquy.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court