People v Mendoza (2025 NY Slip Op 03589)

People v Mendoza

2025 NY Slip Op 03589

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-09264
 (Ind. No. 47/22)

[*1]The People of the State of New York, respondent,
v
Ricardo Mendoza, appellant.

Paul N. Weber, Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Cynthia Dolan and Edward Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered October 3, 2022, convicting him of burglary in the second degree (two counts), criminal contempt in the first degree (two counts), criminal contempt in the second degree, petit larceny (two counts), criminal mischief in the fourth degree, and criminal obstruction of breathing or blood circulation, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly denied his request for substitution of assigned counsel. The court indicated that the defendant's pro se pretrial written motion for substitution of counsel failed to provide a sufficient basis to relieve counsel. When the court provided the defendant with an opportunity to present a new motion, in writing, detailing his reasons for requesting substitution of counsel, the defendant specifically declined to do so, and stated his wishes to proceed immediately to trial with present counsel. Based upon the record, the defendant's assertions failed to suggest the serious possibility of a genuine conflict of interest or other impediment to the defendant's representation by assigned counsel, and the court satisfied its duty of inquiry on the matter (see People v Porto, 16 NY3d 93, 100; People v Ward, 121 AD3d 1026, 1027). Moreover, inasmuch as the defendant expressed no further dissatisfaction with defense counsel despite being provided an opportunity to delineate his objections in writing prior to trial, he abandoned any request for substitution of counsel (see People v Molina, 208 AD3d 1641, 1642-1643; People v Ocasio, 81 AD3d 1469, 1470).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court