People v Hennegan

2026 NY Slip Op 02286

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Maurice Hennegan, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2019-04941, (Ind. No. 1467/17)

Colleen D. Duffy, J.P.

Linda Christopher

Carl J. Landicino

Susan Quirk, JJ.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Katherine Walecka of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered April 10, 2019, convicting him of murder in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant was convicted, upon a jury verdict, of murder in the second degree and criminal possession of a controlled substance in the third degree in connection with the shooting death of a victim and possessing a quantity of cocaine with intent to sell. The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his conviction of criminal possession of a controlled substance in the third degree beyond a reasonable doubt, since he did not specify the grounds he argues on appeal at the trial (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that count beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).

Contrary to the defendant's contention, the defendant's pretrial pro se written letter requesting substitution of counsel, alone, was an insufficient basis to relieve counsel. When provided with an opportunity in court to detail his reasons for requesting substitution of counsel, the defendant specifically declined to do so. The defendant proffered no facts to indicate a genuine conflict of interest or other impediment to the defendant's representation by assigned counsel, and the court satisfied its duty of inquiry on the matter (see People v Porto, 16 NY3d 93, 100; People [*2]v Mendoza, 239 AD3d 773, 773-774). Inasmuch as the defendant expressed no further dissatisfaction with defense counsel, he abandoned any request for substitution of counsel (see People v Molina, 208 AD3d 1641, 1642-1643; People v Ocasio, 81 AD3d 1469, 1470).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are without merit.

DUFFY, J.P., CHRISTOPHER, LANDICINO and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court